# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32782**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Chanson A. JOHNSON**
Master Sergeant (E-7), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 16 January 2025

————————————

*Military Judge*: Adam D. Bentz.

*Sentence*: Sentence adjudged 9 April 2024 by SpCM convened at Eielson Air Force Base, Alaska. Sentence entered by military judge on 29 April 2024: Bad-conduct discharge, confinement for 30 days, reduction to E-4, and a reprimand.

*For Appellant*: Major Nicole J. Herbers, USAF.

*For Appellee*: Major Vanessa Bairos, USAF; Major Brittany M. Speirs, USAF; Mary Ellen Payne, Esquire.

Before ANNEXSTAD, DOUGLAS, and PERCLE, *Appellate Military Judges*.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

PER CURIAM:

A military judge sitting as a special court-martial convicted Appellant, in accordance with his pleas and pursuant to a plea agreement, of one specification of wrongful use of methamphetamine, a Schedule II controlled substance,

on divers occasions, in violation of Article 112a, Uniform of Code Military Justice (UCMJ), 10 U.S.C. § 912a.[1] The military judge sentenced Appellant to a bad-conduct discharge, confinement for 30 days, reduction to the grade of E-4, and a reprimand. On 22 April 2024, the convening authority took no action on the findings or sentence.

Appellant raises two issues on appeal: (1) whether the post-trial processing of Appellant's case was improperly completed when the staff judge advocate found 18 U.S.C. § 922 applied to Appellant's conviction of a nonviolent offense; and (2) whether Appellant's sentence is inappropriately severe.[2]

We have carefully considered the issues raised by Appellant and find they do not require discussion or relief. *See United States v. Guinn*, 81 M.J. 195, 204 (C.A.A.F. 2021) (citing *United States v. Matias*, 25 M.J. 356, 361 (C.M.A. 1987)); *see also United States v. Vanzant*, 84 M.J. 671, 681 (A.F. Ct. Crim. App. 2024) (holding the 18 U.S.C. § 922 firearm prohibition notation included in the staff judge advocate's indorsement to the entry of judgment is beyond a Court of Criminal Appeals' statutory authority to review), *rev. granted*, __ M.J. __, No. 24-0182, 2024 CAAF LEXIS 640 (C.A.A.F. 17 Oct. 2024).

As entered, the findings are correct in law, and the sentence is correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). *Manual for Courts-Martial, United States* (2024 ed.). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

---

[1] *Manual for Courts-Martial, United States* (2019 ed.).

[2] Issue 2 was personally raised by Appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).